**XIUYU SHI, Wei Lin & Ming Lin, Petitioners,**

v.

**Alberto R. GONZALES,\* Respondent.**

Nos. 03–4622–ag (L); 03–4623–ag (Con); 03–4624–ag (Con).

United States Court of Appeals, Second Circuit.

Sept. 11, 2006.

Karen Jaffe, New York, NY, for Petitioner.

David V. Kirby, United States Attorney for the District of Vermont, Carol L. Shea, Michael P. Drescher, Assistant United States Attorneys, Burlington, VT, for Respondent.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

Present: JOSEPH M. McLAUGHLIN, JOSÉ A. CABRANES and ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Xiuyu Shi, Wei Lin, and Ming Lin, through counsel, petition for review of a BIA decision affirming the decision of Immigration Judge ("IJ") Douglas B. Schoppert denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

The IJ found Shi not to be credible because both her asylum application and the assessment to refer memo, which was prepared by the asylum officer who interviewed Shi, list the date of her alleged forced sterilization as October 23, 1997, whereas Shi testified at her merits hearing that the sterilization took place on August 25, 1986. Specifically, Shi testified that two days after being warned by family planning officials that either she or her husband would have to be sterilized, five officials took her to a hospital where she was forcibly sterilized on August 25, 1986.

On her asylum application, however, Shi claimed that in late 1986, after family planning officials told her and her husband that one of them would have to be sterilized, the couple went into hiding for a period of time, and that in 1989, her husband fled to the United States. Shi further claimed that after her husband fled, she was "forced to have an IUD insertion again and was required to have regular gynecological check-ups," and was ultimately sterilized on October 23, 1997, after she failed to report for a routine gynecological examination. In addition, the referral memo from Shi's asylum interview states that Shi was sterilized on October 23, 1997, years after her husband allegedly fled China.

Because these discrepancies regarding the date of Shi's alleged sterilization involved the heart of Shi's asylum claim, the IJ's adverse credibility finding was supported by substantial evidence in the record. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003). Since the only evidence of a threat of future persecution to Shi depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on Shi's claim of a well-founded fear of persecution. *See Paul v. Gonzales,* 444 F.3d 148, 154 (2d Cir.2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Because Shi did not raise her claims for withholding of removal and CAT relief before the BIA, and she does not raise them here, those claims are both unexhausted and waived. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005); *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a

stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).